Mayra Veronica PEREZ–
JUAREZ, Petitioner,

v.

John ASHCROFT, Attorney
General,* Respondent.

No. 02–71763.

Agency No. A77–242–019.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2004.**

Decided March 30, 2004.

Mayra Veronica Perez–Juarez, San Jose, CA, pro se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lyle Jentzer, Ethan B. Kanter, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM ***

Mayra Veronica Perez–Juarez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of her applications for asylum and withholding of remov-

---

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

al. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence adverse credibility findings, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and we deny the petition for review.

■ In finding Perez–Juarez not credible, the IJ pointed to inconsistencies between Perez–Juarez' testimony and her asylum application. For example, Perez–Juarez' application does not indicate that Perez–Juarez and her family were held captive for two weeks and beaten whereas she testified that they were. These inconsistencies are substantial, go to the heart of Perez–Juarez' claim that Guatemalan guerillas detained and beat Perez–Juarez and her family, and constitute specific, cogent reasons for finding Perez–Juarez not credible. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (holding that inconsistencies are not minor when they relate to the basis for petitioner's alleged fear of persecution).

Substantial evidence also supports the IJ's finding that aspects of Perez–Juarez' testimony were implausible. *See id.*

■ Because Perez–Juarez failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Singh v. INS*, 134 F.3d 962, 971 (9th Cir. 1998).

Petitioner is entitled to voluntary departure pursuant to the IJ's order which stated, "The applicant's application for voluntary departure is granted for a period of 60 days until July 10, 2000, after which time the applicant will be subjected to an automatic order of removal ordering her removed to Guatemala if she is not in compliance with the Court order or if the matter is not pending before a higher authority."

PETITION FOR REVIEW DENIED.